IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Criminal No. 3:09-CR-249-D(07) |
| VS. | § | |
| | § | |
| ALICIA CARGILL SMALLWOOD, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this memorandum opinion and order, the court addresses defendant Alicia Cargill Smallwood's ("Smallwood's") motion for discovery.[1] Smallwood requests that the government disclose 19 categories of material.[2] The government responds that it understands its duties and obligations under the applicable rules and cases, and has provided or will timely provide Smallwood with all discovery to which she is entitled. Because the government discusses in detail its obligations under Fed. R. Crim. P. 16 and 26.2, the Jencks Act, 18 U.S.C. § 3500, *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, and *Giglio v. United States*, 405 U.S. 150 (1972), and its progeny, the court infers that, as in the usual case, the government agrees and intends to comply with these rules

---

[1]The court has separately addressed another motion filed by Smallwood.

[2]Smallwood numbers her requests Nos. 1-13 and 15-17 and follows these requests with three additional paragraphs. The court will refer to the three additional requests as requests Nos. 18, 19, and 20. Smallwood does not include a request No. 14.

and cases.

I

A

*Smallwood's Requests for Disclosure Nos. 1-2*

In request No. 1,[3] Smallwood asks that the government disclose any oral statement made by Smallwood in response to interrogation by a person Smallwood knew to be a government agent and that the government intends to use at trial. In request No. 2, Smallwood asks that the government disclose any written or recorded statement made by Smallwood and Smallwood's recorded testimony before the grand jury. The government responds that it has produced and will continue to produce Smallwood's statements to law enforcement pursuant to Rule 16. To the extent that Smallwood's requests exceed what is required by Rule 16, the government objects.

To the extent the government has produced or agrees to produce what Smallwood seeks, the court denies the motion as moot. To the extent Smallwood requests discovery of more than the government is required to disclose under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the motion is denied as exceeding what these authorities require.

---

[3]The court will address Smallwood's specific requests in the order in which the government responds to them.

- 2 -

B

*Smallwood's Request for Disclosure No. 3*

In request No. 3, Smallwood asks that the government disclose any oral statement made by a person legally able to bind Smallwood in response to interrogation by a government agent. The government responds that no government agents are involved regarding Smallwood. The court therefore denies Smallwood's motion as moot.

C

*Smallwood's Request for Disclosure No. 4*

In request No. 4, Smallwood asks that the government disclose a copy of her prior criminal record that is within the government's possession, custody, or control. The government does not oppose this request and recalls that Smallwood viewed a pretrial report identifying any known criminal history during her initial appearance. Because the government has agreed to provide what Smallwood seeks, the court denies the motion as moot.

D

*Smallwood's Requests for Disclosure Nos. 5, 9, and 10*

In request No. 5, Smallwood asks that the government allow her to inspect and copy or photograph books, papers, documents, data, photographs, tangible objects, buildings, places, Texas Secretary of State filings, bank accounts, and credit applications within the government's possession, custody, or control that it intends to use in its case-in-chief. In request No. 9, Smallwood asks that the

government provide any instruments, documents, computer hard drives, or tangible objects that were obtained from, belong to, were made of, or were adopted by Smallwood. Specifically, Smallwood requests that the government disclose faxes bearing Smallwood's name, contracts signed, drafted, executed, or presented by Smallwood, and employee files and identification documents of persons hired by Smallwood. In request No. 10, Smallwood asks that the government disclose any books, papers, documents, instruments, recordings, transcripts, or other tangible objects upon which the government relied in returning the indictment against Smallwood.

The government states that it has provided and will continue to provide Smallwood all physical evidence in its possession. To the extent that Smallwood's requests exceed the scope of Rule 16, the government objects to Smallwood's request.

To the extent the government has produced or agrees to produce what Smallwood seeks, the court denies the motion as moot. To the extent Smallwood requests discovery of more than the government is required to disclose under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the motion is denied as exceeding what these authorities require.

E

*Smallwood's Request for Disclosure No. 6*

In request No. 6, Smallwood asks that the government allow her to inspect and copy or photograph the results or reports of any

physical and mental examination and of any scientific test within the government's possession, custody, or control. The government agrees to comply with Rule 16(a)(1)(F). To the extent Smallwood's request exceeds the scope of Rule 16(a)(1)(F), the government objects.

To the extent the government agrees to the disclosure Smallwood requests, the court denies the motion as moot. To the extent Smallwood requests discovery of more than the government is required to disclose under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the motion is denied as exceeding what these authorities require.

F

*Smallwood's Request for Disclosure No. 7*

In request No. 7, Smallwood asks that the government provide a written summary of testimony it plans to use under Fed. R. Evid. 702, 703, or 705 during its case-in-chief and any items that the government later discovers. The government agrees to comply with Rule 16(a)(1)(G) and provide Smallwood with expert opinions, bases, and reasons for the opinions, and witness qualifications.

To the extent the government agrees to the disclosure Smallwood requests, the court denies the motion as moot. To the extent Smallwood requests discovery of more than the government is required to disclose under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the motion is denied as exceeding

what these authorities require.

G

*Smallwood's Requests for Disclosure Nos. 8 and 15*

In request No. 8, Smallwood asks that the government disclose any statements of her codefendants and coconspirators, including, but not limited to, coconspirator statements admissible against Smallwood under Rule 801(d)(2)(E). In request No. 15, Smallwood asks that the government disclose written statements of persons with knowledge of the allegations against Smallwood whom the government does not plan to call to testify.

The government agrees to comply with the Jencks Act, N.D. Tex. Crim. R. 16.1, and the court's scheduling order. To the extent that Smallwood's motion exceeds the scope of these authorities, the government objects.

The government argues that Rule 16(a)(1)(A) does not pertain to disclosure of codefendant or coconspirator statements. "[S]everal courts have held that the fact that a coconspirator's statements are viewed as statements by the defendant under [Rule 801(d)(2)(E)] does not make them discoverable under Rule 16(a)(1)(A) or (B)." *United States v. Hansen*, 2005 WL 1206868, at *3 (N.D. Tex. May 18, 2005) (Fitzwater, J.) (citing *United States v. Tarantino*, 846 F.2d 1384, 1418 (D.C. Cir. 1988)). "The admissibility of such statements can be determined at trial and the statements may be considered in light of any other independent

evidence." *Id.* (citing *Bourjaily v. United States*, 483 U.S. 171, 180 (1987)). The court holds that Smallwood is not entitled to production of coconspirator statements under Rule 16, and it denies her motion in this respect.

To the extent the government agrees to the disclosure Smallwood requests, the court denies the motion as moot. To the extent Smallwood requests discovery of more than the government is required to disclose under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the motion is denied as exceeding what these authorities require.

H

*Smallwood's Request for Disclosure No. 11*

In request No. 11, Smallwood asks that the government disclose names, addresses, and telephone numbers of witnesses whom the government plans to call to testify against Smallwood. The government agrees to comply with N.D. Tex. Crim. R. 16.1 and the court's scheduling order. To the extent that Smallwood's request exceeds the court's scheduling order, the government objects.

To the extent the government agrees to the disclosure Smallwood requests, the court denies the motion as moot. To the extent Smallwood requests discovery of more than the government is required to disclose under N.D. Tex. Crim. R. 16.1, Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the motion is denied as exceeding what is required.

I

*Smallwood's Requests for Disclosure Nos. 12 and 16*

In request No. 12, Smallwood asks that the government disclose names, addresses, and telephone numbers of persons with knowledge pertaining to the allegations against Smallwood and persons who have been interviewed by the government regarding Smallwood. In request No. 16, Smallwood asks that the government disclose names, addresses, and telephone numbers of informants, persons who gave information leading to evidence or to the investigation, identification, or arrest of Smallwood, and persons who witnessed or participated in a transaction involving Smallwood. The government objects to these requests because Smallwood has failed to make a sufficient showing of need for disclosure of any person who has knowledge or has been interviewed by the government.

The government asserts in response that it is "unaware of a true informant" in this case, P. Resp. 9, but it also cites the *Roviaro*[4] balancing test. In the government's responses to motions filed by other defendants, it has denied the existence of informants in this case. Smallwood's motion is therefore denied as moot. If, however, the government did use an informant in investigating or prosecuting Smallwood, it must notify the court *in camera* within seven calendar days of the date this memorandum opinion and order is filed.

---

[4]*Roviaro v. United States*, 353 U.S. 53 (1957).

J

*Smallwood's Request for Disclosure No. 13*

In request No. 13, Smallwood asks that the government disclose FBI, Texas, and local arrest and conviction records of government witnesses, persons with knowledge pertaining to the allegations against Smallwood, and persons who have been interviewed by the government regarding Smallwood. The government agrees to produce criminal histories of the witnesses whom it calls to testify. Otherwise, the government objects.

To the extent the government agrees to the disclosure Smallwood requests, the court denies the motion as moot. To the extent Smallwood requests discovery of more than the government is required to disclose under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the motion is denied as exceeding what is required.

K

*Smallwood's Request for Disclosure No. 17*

In request No. 17, Smallwood asks that the government produce exculpatory or favorable evidence pursuant to *Brady* and *Giglio*. Smallwood lists two pages of examples of exculpatory or favorable evidence and asks that the government disclose direct and impeachment evidence. The government agrees to comply with *Brady* and *Giglio*. To the extent that Smallwood's request exceeds the scope of these authorities, the government objects.

To the extent the government agrees to the disclosure Smallwood requests, the court denies the motion as moot. To the extent Smallwood requests discovery of more than the government is required to disclose under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the motion is denied as exceeding what is required.

L

*Smallwood's Request for Disclosure No. 18*

In request No. 18,[5] Smallwood asks that the government provide her with a copy of any recorded, intercepted conversation involving Smallwood and a written transcript. The government avers that it did not intercept any conversations involving Smallwood, and if there are recordings of Smallwood's voice, the government will disclose them. If the government plans to introduce a transcript of such recordings into evidence, the government must produce the transcript to Smallwood according to the court's scheduling order for providing copies of exhibits.

To the extent the government agrees to the disclosure Smallwood requests, the court denies the motion as moot. To the extent Smallwood requests discovery of more than the government is required to disclose under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the motion is denied as exceeding

---

[5]The court refers to the first full paragraph on page 8 of Smallwood's motion as request No. 18.

what is required.

M

*Smallwood's Request for Disclosure No. 19*

In request No. 19,[6] Smallwood asks that the government disclose evidence of Smallwood's character that it intends to introduce at trial. The government agrees to provide reasonable notice of the nature of Rule 404(b) evidence to Smallwood before trial, or during trial with the consent of the court. To the extent that Smallwood's request exceeds the scope of Rule 404(b), the government objects.

To the extent the government agrees to the disclosure Smallwood requests, the court denies the motion as moot. To the extent Smallwood requests discovery of more than the government is required to disclose under Rule 404(b), *Brady*, and *Giglio*, the motion is denied as exceeding what these authorities require.[7]

N

*Smallwood's Request for Disclosure No. 20*

In request No. 20,[8] Smallwood asks that the government disclose any reports, photographs, images, or statements regarding

---

[6]The court refers to the second full paragraph on page 8 of Smallwood's motion as request No. 19.

[7]Rule 404(b) is presumably inapposite since evidence admitted under this Rule cannot be offered for purposes of establishing bad character and actions in conformity with such character.

[8]The court refers to the third full paragraph on page 8 of Smallwood's motion as request No. 20.

eyewitness identification of Smallwood. The government responds that it has provided and will continue to provide discovery of all tangible evidence in its possession. To the extent that Smallwood's request exceeds the scope of discovery, the government objects.

To the extent the government agrees to the disclosure Smallwood requests, the court denies the motion as moot. To the extent Smallwood requests discovery of more than the government is required to disclose under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the motion is denied as exceeding what is required.

II

Except to the extent that the Jencks Act and Rule 26.2(a) permit later disclosure, the government must comply no later than April 25, 2011 at noon with its disclosure and discovery obligations imposed by this memorandum opinion and order and by the government's agreement to produce what Smallwood has requested. Concerning material covered by the Jencks Act or Rule 26.2, in accordance with the custom in this district, the government must disclose such statements no later than the end of the business day

that precedes the date on which Smallwood will begin her cross-examination of a witness. The government must comply with the deadline for making an *in camera* disclosure of informants as specified *supra* in § I(I).

**SO ORDERED.**

March 21, 2011.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE