IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| Plaintiff, | § |
| VS. | § Criminal No. 3:09-CR-249-D(07) |
| ALICIA CARGILL SMALLWOOD, | § |
| Defendant. | § |

MEMORANDUM OPINION
AND ORDER

In the court's July 15, 2011 memorandum opinion and order, it assumed that the government was required to establish the commission of an overt act to prove that defendant Alicia Cargill Smallwood ("Smallwood") was guilty of count one of the third superseding indictment, which charged conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. § 1349.[1] *See United States v. Smallwood*, 2011 WL 2784434, at *13-14 (N.D. Tex. July 15, 2011) (Fitzwater, C.J.) ("*Smallwood I*"). In the parties' briefing, neither the government nor Smallwood contended that it was unnecessary for the government to prove

---

[1]18 U.S.C. § 1349 provides:

> Any person who attempts or conspires to commit any offense under this chapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

The grand jury has since handed up a fourth superseding indictment that also charges Smallwood in count one with conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. § 1349.

the commission of an overt act. Rather, the parties appeared to assume in their briefs that an overt act was an element of conspiracy under §1349. The court in turn analyzed parts of Smallwood's motion to dismiss count one, and alternatively, to strike surplusage, as if the conspiracy alleged in count one were charged under 18 U.S.C. § 371 (the general conspiracy statute under which conspiracy to commit mail and wire fraud has often been charged in the past) rather than under 18 U.S.C. § 1349.[2]

Some courts have held that, unlike § 371, § 1349 does not require proof of an overt act. *See United States v. Fishman*, 645 F.3d 1175, 1186 (10th Cir. 2011) (citing *Whitfield v. United States*, 543 U.S. 209 (2005) and noting that conspiracy statutes modeled after the Sherman Act, rather than 18 U.S.C. § 371, do not require proof of an overt act); *see also United States v. Deris*, 2011 WL 2669635, at *2-3 (S.D. Fla. July 7, 2011) (holding that § 1349 "does not contain an overt act requirement" (internal quotation marks and citation omitted)). But other courts have included as an element of a § 1349 conspiracy offense the requirement that a conspirator commit an overt act in furtherance of the conspiracy. *See, e.g., United States v. Farrington*, 2010 WL 2812886, at *3 (N.D. Tex. July 16, 2010) (Lindsay, J.).

The court did not intend to resolve in *Smallwood I* the question whether the government must establish the commission of an overt act to prove Smallwood guilty of the

---

[2]In *Smallwood I* the court cited the pattern jury charge for § 371. *See Smallwood I*, 2011 WL 2784434, at *13 (citing Fifth Cir. Dist. Judges Ass'n Pattern Jury Instructions (criminal cases) 2.20 (2001)). There is currently no corresponding pattern jury charge for a conspiracy charged under §1349.

§1349 conspiracy offense charged in count one. And if the court later concludes that it is unnecessary for the government to prove the commission of an overt act, this conclusion will not alter the essential reasoning and result of *Smallwood I*. *See, e.g., Cacace v. United States*, 590 F.2d 1339, 1340 (5th Cir. 1979) (per curiam) (holding that in prosecution for conspiracy to distribute cocaine (which did not require proof of overt act), fact that government listed overt acts in indictment and that court instructed jury under the assumption that proof of an overt act was required did not prejudice petitioner).

Accordingly, considering this question *sua sponte*, the court adheres to *Smallwood I*, but it clarifies that it did not intend to resolve the question whether the government must establish the commission of an overt act to prove Smallwood guilty of the §1349 conspiracy offense charged in count one.

**SO ORDERED**.

August 25, 2011.

                                                _____
                                                SIDNEY A. FITZWATER
                                                CHIEF JUDGE